UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAMMRA F. THOMPSON, | ) | CASE NO. ED CV 04-00881 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

        In this action under 42 U.S.C. §405(g), Plaintiff makes two brief arguments why the Commissioner wrongly determined that she was not disabled.

        First, Plaintiff asserts that the Administrative Law Judge did not properly interpret the vocational expert's testimony. In response to a hypothetical question, the vocational expert stated that a claimant could do no work if, as a result of her fibromyalgia pains, she was going to be "off task" at least twenty percent of the time. [AR 419] However, "[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2000), *citing Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir.1989). Plaintiff offers no argument that the Administrative Law Judge was required to accept the twenty percent restriction, other than the fact that he also found that her fibromyalgia was a "severe" impairment. Severity, however, requires only that the impairment have more

than a minimum impact on the ability to work, *see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), not a twenty percent reduction of the ability to stay on task.

Second, Plaintiff argues that the Administrative Law Judge erred by failing to consider the Daily Activities Questionnaire completed by Plaintiff's mother. But the portion of the questionnaire to which Plaintiff alludes is not particularly enlightening. In response to a question whether Plaintiff had difficulty following instructions or completing a task, Plaintiff's mother simply wrote "yes due to pain." [AR 121] She did not, however, give any examples, even though the questionnaire specifically requested them. [*Id.*] An Administrative Law Judge is not required to discuss every piece of evidence, and certainly is not required to discuss evidence that is neither significant nor probative. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Plaintiff's mother's cursory statement added nothing to what already was in the record, and the Administrative Law Judge was not required to discuss it. *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993).

The Commissioner's decision is affirmed.

DATED:   September __2__, 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE